**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| **Original Diamond Company, Inc.**, | ) | |
| | ) | Case No. 15-57622 |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |
| | ) | Contested Matter |
| Original Diamond Company, Inc., | ) | |
| Movant, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Signature Bank of Georgia, | ) | |
| Respondent. | ) | |

**MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING
USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING AND
REQUEST FOR EXPEDITED HEARING**

COMES NOW, Original Diamond Company, Inc. (the "Debtor"), pursuant to Section 363 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 363 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and files this Motion for Entry of an Interim Order Authorizing Use of Cash Collateral and Scheduling a Final Hearing and Request for Expedited Hearing ("Motion"). In support of the Motion, the Debtor shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested in this Motion is based on Sections §§ 105, 361, 363, and 364 of the Bankruptcy Code Bankruptcy Rule 4001(b).

**Background**

3. On April 25, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed and no request for the appointment of a trustee or examiner has been made.

4. The Debtor is a Georgia corporation who owns and operates a commercial rental property (the "Business") located at 2362 Lawrenceville Highway, Decatur, Georgia 30033 (referred to herein as the "Property"). Debtor's President, Haider Sultan, manages the Property.

5. The Property generates approximately $31,000.00 in monthly rental income (the "Rental Property Income") from two tenants.

6. Upon information and belief, Signature Bank of Georgia ("Signature") asserts a first priority security interest in the Property originating from two loans with an aggregate balance of approximately $2,894,655.00 (the "Loans").

7. Signature asserts that the Rental Property Income is "cash collateral" as defined in Section 363(a) of the Bankruptcy Code. In order to effectively reorganize, Debtor must have access to cash to pay the operating expenses of the Property. If Debtor does not have the authority to use their available cash to pay operating expenses of the Property, including insurance and taxes, the tenants could vacate the Property to the detriment of the estate and its creditors. At this point, Signature has instructed all both tenants, Gentiva Health Services, Inc.

and Lawrenceville Highway Early Childcare Development Center, through its assignment of rents provision in its security deed, to pay all rents to it.

**Relief Requested**

8. The Debtor, after conducting an interim hearing on the Motion, seeks the entry of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b): (a) authorizing the Debtor to use cash collateral pursuant to the proposed budget attached to this Motion (the "Budget"); and (b) scheduling a final hearing on the Motion. In accordance with Bankruptcy Rule 4001, the following are the Debtors proposed terms for the use of cash collateral:

(a) Purpose. Cash collateral will be used to pay operating expenses of the Property, including, but not limited to, the insurance and property taxes.

(b) Use of Cash Collateral. Cash collateral will be used only pursuant to the terms of the Budget during the period following entry of the Interim Order until the earlier of: (i) 30 days following entry of the Interim Order; (ii) conversion of the case to Chapter 7 or dismissal of the case; or (iii) the Debtors' violation of the terms of the Interim Order, including failure to comply with the Budget.

(c) Adequate Protection. As adequate protection for the cash collateral expended pursuant to the Interim Order, Lender shall be given a replacement lien in post-petition rents and other income from the Property in the same order of priority as existed pre-petition for such Lender. In addition, cash collateral will only be used for items set forth in a budget to be approved by the Court. A copy of the Budget is attached hereto as Exhibit A. As further adequate protection, Debtors shall pay Signature $19,967.00 per month commencing on June 1,

3

2015 and continuing by the final day of each month until a plan of reorganization is confirmed by this Court.

## Basis for Relief Requested

9. The Debtor uses of the cash collateral is essential to the continuing operation of the Business, to maintain the value of the Property, and for an effective reorganization. If Debtor does not have the authority to use their available cash to pay operating expenses of the Business, including repairs, cleaning and general maintenance, Debtor's tenants will vacate the Property and the going concern value of the Business will be significantly harmed and the estate and creditors will be negatively affected. The Debtor does not propose to use cash collateral to pay any creditors any amounts due and owing pre-petition.

10. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless each entity with an interest in such cash collateral consents or the Court authorizes such use, sale or lease. Section 363(e) provides that the Court shall condition such use of cash collateral as is necessary to provide adequate protection of such interests. Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection.

11. The Debtor requests authority to use cash collateral for the purposes and amounts set forth in the proposed budget attached hereto as Exhibit A. In accordance with Section 363(e), the proposed Interim Order provides that adequate protection will be provided to Lender to the extent of any diminution in value of its pre-petition collateral through replacement liens. The Debtor submits that the earning capacity of the Property is sufficiently in excess of the

4

reasonable monthly payments on the principal and interest owed on the Lender's debt and that the risk of diminution in value of the collateral is minimal.

## Request for Immediate Interim Relief

12. Pending the Final Hearing, the Debtor requires immediate use of cash collateral to meet its obligations to maintain insurance on the property and property taxes, as well as common maintenance. It is essential that the Debtor maintain consistent operations and resume paying for ordinary, post-petition operating expenses to minimize any damage caused by the filing. Without immediate use of cash collateral, the Debtor will be unable to pay ongoing operating expenses. Accordingly, if interim relief is not granted, the Debtor's assets will be immediately and irreparably jeopardized to the detriment of the Debtor, the estate, creditors, and other parties in interest.

13. The Debtor requests the Court to schedule an Interim Hearing as soon as practicable to consider the Debtor's request for use of cash collateral. Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for use of cash collateral during the 15 day period following the filing of a motion for use of cash collateral in such amounts as is necessary to avoid irreparable harm to the estate pending a final hearing. In considering requests for interim relief courts apply the same business judgment standard applicable to other business decisions.

14. For the reasons explained above, the Debtor believes that granting the relief requested is appropriate and in the best interest of the estate.

## Notice

15. Notice of this Motion has been provided to the Office of the United States Trustee, counsel for the Lender and any other creditors who have filed liens on the Property. In

light of the interim nature of the relief requested, the Debtor submits that such notice is adequate under the circumstances.

**WHEREFORE**, the Debtor requests that this Court enter an order granting interim use of cash collateral consistent with this Motion; and grant the Debtor such other and further relief as is just and proper.

This 27th day of April, 2015

*/s/ Will B. Geer*
Georgia State Bar No. 940493
Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
T: (678) 587-8740
F: (404) 287-2767

# Exhibit A

Estimated Monthly Rental Property Expenses

Property Address: 2362 Lawrenceville Highway, Decatur, Georgia 30033

1. Corporate Taxes — $30.00
2. Insurance — $600.00
3. Maintenance — $300.00
4. Office Supplies — $60.00
5. Supplies — $0.00
6. Postage and Delivery — $10.00
7. Accounting Fees — $200.00
8. Property Taxes — $3,250.00
9. Repairs — $200.00
10. Landscaping — $250.00
11. Sanitation — $400.00
12. Telephone — $150.00
13. Utilities — $600.00
14. Management Fee — $3,100.00
15. U.S. Trustee's Fees — $217.00
16. Attorney's Fees — $1,666.00

Total Expenses — $11,033.00

Income — $31,000.00

Adequate Protection Payments — $19,967.00

## CERTIFICATE OF SERVICE

This is to certify that on this date I served a true and correct copy of the within and foregoing Motion For Entry Of An Interim Order Authorizing Use of Cash Collateral And Scheduling A Final Hearing and Request for Expedited Hearing by causing same to be deposited in the United States Mail with adequate postage affixed thereon to assure delivery addressed to the persons on the attached Service List.

This 27th day of April, 2015.

      */s/ Will B. Geer*
      Georgia State Bar No. 940493
      Law Office of Will B. Geer, LLC
      333 Sandy Springs Circle, NE
      Suite 225
      Atlanta, Georgia 30328
      T: (678) 587-8740
      F: (404) 287-2767

## SERVICE LIST

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303

Signature Bank of Georgia
6065 Roswell Road
Suite 600
Atlanta, Georgia 30328

William J. Sheppard
JAMES, BATES, POPE & SPIVEY, LLP
3399 PEACHTREE ROAD, NE
SUITE 1700, THE LENOX BUILDING
ATLANTA, GA 30326